UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA </br></br>v.</br></br>(1) DAVID CARL ARNDT</br></br>    Defendant. | CRIMINAL NO. 04-10166-RGS </br></br>VIOLATIONS: </br></br>21 U.S.C. § 846 - </br>Conspiracy To Distribute </br>And To Possess With </br>Intent To Distribute </br>Methamphetamine </br></br>21 U.S.C. § 841(a)(1) - </br>Possession Of </br>Methamphetamine With </br>Intent To Distribute </br></br>21 U.S.C. § 853 - </br>Forfeiture Allegation |

SEALED

## INDICTMENT

Count One:        (21 U.S.C. § 846 - Conspiracy To Distribute And To
                  Possess With Intent To Distribute
                  Methamphetamine).

The Grand Jury charges that:

Beginning at a time unknown to the Grand Jury, but at least by in or about April 2003 and continuing thereafter to on or about August 8, 2003, at Boston, and elsewhere in the District of Massachusetts, and New York City,

(1) DAVID CARL ARNDT,

defendant herein, did knowingly and intentionally combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to distribute, and to possess with

intent to distribute, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy involved 50 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(A)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

Count Two:      (21 U.S.C. § 841(a)(1) - Possession of
                Methamphetamine with Intent to Distribute).

The Grand Jury further charges that:

On or about August 8, 2003, at Boston, in the District of Massachusetts,

(1) DAVID CARL ARNDT,

defendant herein, did knowingly and intentionally possess methamphetamine, a Schedule II controlled substance, with intent to distribute.

The Grand Jury further charges that the offense involved 50 grams or more of methamphetamine. Accordingly, 21 U.S.C. § 841(b)(1)(A)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses alleged in Counts One and Two of this Indictment, the defendant,

(1) DAVID CARL ARNDT,

shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2. If any of the property described in paragraph 1 above, as a result of any act or omission of the defendant,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the

defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
CYNTHIA W. LIE
JOHN A. WORTMANN, JR.
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS:    May 27, 2004. @ 4:20 PM

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK