UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 OCT 29  P 1:21

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA

v.

DAVID C. ARNDT

Criminal No. 04-CR-10166-RGS

## CONSOLIDATED MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DAVID C. ARNDT'S MOTION TO COMPEL DISCLOSURE OF MANDATORY DISCOVERY, MOTION FOR WRITTEN AUTHORIZATIONS AND/OR LETTERS TO OBTAIN TAPES OF RECORDED TELEPHONE CALLS OF JAIL CONVERSATIONS AND MOTION FOR BILL OF PARTICULARS

The defendant, David C. Arndt ("defendant") submits this consolidated Memorandum of Law in support of his Motion to Compel Disclosure of the following categories of mandatory discovery: (1) the names of the unindicted co-conspirators; (2) the non-redacted government interviews of witnesses identified as CW#1 through CW#5; (3) the names of the individuals to whom the government has given promises, rewards and inducements; (4) the names of the speakers in CD-ROM N-20 and tape N-21; and (5) the identities of the individuals depicted in the photo arrays shown to CW#1 through CW#5. In addition, the defendant submits herewith his Memorandum of Law in support of his Motion for Written Authorizations and/or Letters to Obtain Taped Telephone Calls of Jail Conversations, as well as his Motion for Bill of Particulars. In accordance with the rules of discovery and applicable court decisions set forth below, this Court should direct the government to provide the defendant with the requested information and material necessary for the preparation of his defense in this matter.

{K0291060.1}

## PROCEDURAL HISTORY

The original Indictment in this case was returned on May 27, 2004. A Superceding Indictment was subsequently returned on October 28, 2004.[1] The government served its automatic discovery letter on July 27, 2004. On September 20, 2004, counsel for the defendant submitted a discovery request letter to the government pursuant to Rule 116.3(A) of the Local Rules of the United States District Court for the District of Massachusetts, requesting specific information and material critical to the preparation of Dr. Arndt's defense. The government subsequently provided a written response to the defendant's discovery letter wherein it denied several of the defendant's requests despite its mandatory discovery obligations pursuant to Local Rules 116.1 and 116.2. To date, counsel for the government has refused to produce the relevant and necessary information specifically set forth in the defendant's initial discovery request and referenced below, leaving the defendant and his attorneys no alternative but to seek relief from the Court.

## ARGUMENT

### I. DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF MANDATORY DISCOVERY

The defendant, through counsel, requests the disclosure of the following categories of mandatory discovery critical to the preparation of his defense: (1) the names of the unindicted co-conspirators; (2) the non-redacted government interviews of witnesses identified as CW#1 through CW#5; (3) the names of the individuals to whom

---

[1] The Superceding Indictment charges the defendant with: (1) conspiracy to distribute, and to possess with intent to distribute methamphetamine pursuant to 21 U.S.C. § 846; (2) possession of methamphetamine

the government has given promises, rewards and inducements; (4) the names of the speakers in the recorded conversations referenced in CD-ROM N-20 and tape N-21; and (5) the identities of the individuals depicted on the photo arrays shown to CW#1 through CW#5. The requested information is essential to Dr. Arndt's defense and falls squarely within the categories of mandatory discovery set forth in Local Rules 116.1 and 116.2.

The thrust of the government's justification in refusing to produce this mandatory discovery is the need to protect the safety of the witnesses and to not jeopardize the ongoing investigation. However, the government's rationale in refusing to comply with its discovery obligations under the Local Rules is entirely without merit and factually misguided. First, the government ignores the fact that the defendant is currently being held under a detention order at the Plymouth County Correctional Facility. As such, the defendant will be detained until he is either found not guilty or completes his sentence. He is a danger to no one and certainly not in a position to pose a threat to the government's witnesses. Second, the government's vague assertion that disclosure of the requested information would jeopardize the ongoing investigation is negated by the Superceding Indictment which completes the government's investigation of the defendant. Furthermore, it appears from the Superceding Indictment that the government has disclosed the name of at least one of the witnesses, Donald Bing McGilvray. See Sup. Ind. Third, and most importantly, the government ignores the fact that the information the defendant seeks falls squarely within the categories of mandatory discovery that the government is required to automatically produce. This information is vital to Dr. Arndt's case and absolutely critical to all aspects of his defense. By refusing

---

with intent to distribute under 21 U.S.C. § 841(a)(1); and (3) seven Counts of distribution of oxycodone pursuant to 21 U.S.C. § 841(a)(1). See Sup. Ind.

{K0291060.1}                                    3

to produce this mandatory discovery in non-redacted form, the government has, and will continue to prevent the defense from intelligently investigating the charges brought against the defendant, preparing comprehensive motions to limit or suppress the admissibility of certain evidence, identifying areas of impeachment, and preparing questions for the government's witnesses at trial. Until the government satisfies its mandatory discovery obligations, the defendant and his attorneys will not be able to prepare a meaningful defense in this matter.

### A. THE GOVERNMENT MUST DISCLOSE THE NAMES OF UNINDICTED CO-CONSPIRATORS

Local Rule 116.1(C)(1)(e) expressly states that the government must automatically produce as to each conspiracy charged in the indictment, the name of any person asserted to be a known unindicted co-conspirator. To this point in the proceedings, despite the defendant's specific request for the names of all unindicted co-conspirators, the government has refused to provide this critical information to which the defendant is clearly entitled under the Local Rules. The government's blatant failure to comply with the Local Rules and disclose the names of the unindicted co-conspirators prevents the defendant and his attorneys from developing a comprehensive defense strategy which may involve, at a minimum, filing evidentiary and case dispositive motions, identifying and interviewing additional witnesses to rebut the government's charges, exploring and evaluating impeachment material pertaining to the co-conspirators and developing examination questions for trial.

### B. THE GOVERNMENT MUST DISCLOSE NON-REDACTED GOVERNMENT INTERVIEWS OF WITNESSES IDENTIFIED AS CW#1 THROUGH CW#5

The government previously provided the defense with redacted reports of

government interviews of witnesses identified as CW#1 through CW#5. The disclosure of redacted reports which conceal the identity and criminal activities of confidential government witnesses - who themselves have criminal records or have criminal cases pending - completely deprives the defendant and his attorneys from fully understanding the content of the interviews, evaluating their evidentiary significance and effectively utilizing the information at trial. Clearly, witnesses who are facing pending or contemplated government action have a particularly strong motive to curry favor with the government. Without disclosure of this exculpatory information, the defense will be unable to identify the details of the illegal transactions in which these witnesses were involved, which in turn, directly relate to their motivation to enter into deals with the government and to testify against the defendant. The government's disclosure of this fundamentally discoverable material in redacted form have rendered these witness reports virtually worthless in terms of preparing Dr. Arndt's defense.

In addition, Local Rule 116.2(B)(1) requires the government to automatically produce exculpatory material to the defendant, including: (1) information that would tend directly to negate the defendant's guilt concerning any count in the indictment and (2) information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude. See L.R. 116.2(B)(1)(a)-(b). The redacted material contained in the interview reports relating to criminal activities of the confidential witnesses and their motive to assist the government falls within these categories of "exculpatory evidence" set forth in Rule 116.2(B)(1) and therefore, obligates the government to immediate disclosure to the defendant.

### C. THE GOVERNMENT MUST DISCLOSE THE NAMES OF THE INDIVIDUALS TO WHOM THE GOVERNMENT HAS GIVEN PROMISES, REWARDS AND INDUCEMENTS

To this point, despite the defendant's requests, the government has refused to identify the names of individuals to whom it has given promises, rewards and inducements and has produced only redacted copies of interview reports, indictments, plea agreements, proffer agreements and criminal records of its confidential witnesses. The government's failure to disclose this core exculpatory evidence is in direct conflict with Local Rule 116.2(B)(1)(c), which requires automatic disclosure by the government of the following:

> A statement whether any promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief, **identifying by name** each such witness and each promise, reward, or inducement, and a copy of any promise, reward, or inducement, and a copy of any promise, reward, or inducement reduced to writing.

See L.R. 116.2(B)(1)(c) (emphasis added); see also Giglio v. United States, 405 U.S. 150 (1972); United States v. Bagley, 473 U.S. 667 (1985) (government did not disclose that deals, promises or inducements had been made to its two principal witnesses). Accordingly, pursuant to the Local Rules and seminal court decisions, the government must be ordered to immediately disclose the names of individuals to whom it has given promises, rewards and inducements. Failure to provide this critical information will continue to prevent the defense from exploring the government's justification for providing such inducements or entering into agreements with certain witnesses who may testify against the defendant. Such information is clearly relevant in terms of the defense's ability to examine witness credibility, expose bias, identify additional

{K0291060.1}                                6

impeachment material, and form the basis for evidentiary motions.

### D. THE GOVERNMENT MUST DISCLOSE THE NAMES OF THE SPEAKERS IN THE RECORDED CONVERSATIONS REFERENCED IN CD-ROM N-20 AND TAPE N-21

The government's refusal to identify the names of the speakers in the recorded conversations previously provided to the defense and referenced in CD-Rom N-20 and tape N-21, violate the Local Rules relating to automatic disclosure of discovery. The government has an obligation to automatically disclose a "written description of any interception of wire, oral or electronic communications, relating to the charges contained in the indictment, made with the consent of one of the parties to the communication ('consensual interceptions'), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief." See L.R. 116.1(C)(1)(d)(i). In addition, the government has a duty to produce to the defendant "a written description of any interception of wire, oral, or electronic communications as defined in 18 U.S.C. § 2510, relating to the charges in the indictment in which the defendant was intercepted and a statement whether the government intends to offer any such communications as evidence in its case-in-chief." See L.R. 116.1(C)(1)(c)(i).

In light of the government's automatic discovery requirements for consensual interceptions and electronic surveillance, it follows that the government must disclose the names of the speakers who participated in the recordings. Absent a transcript and information relating to the identity of the speakers, it is impossible for the defense to determine the relevance of the recordings to the defendant's case, the context in which they were recorded, and their evidentiary significance. Disclosure of the identities of the speakers could also provide grounds for a motion to suppress or limit their admissibility

at trial. Additionally, the identity of the speakers directly relates to the existence of agreements, promises and inducements by the government in exchange for participating in recorded conversations. Such information clearly falls within the meaning of exculpatory evidence set forth in Local Rule 116.2 and would be subject to mandatory discovery.

### E. THE GOVERNMENT MUST DISCLOSE THE IDENTITIES OF THE INDIVIDUALS DEPICTED IN THE PHOTO ARRAYS SHOWN TO CW#1 THROUGH CW#5

The government previously disclosed photo arrays shown to CW#1 through CW#5. However, the government refused the defendant's request to identify the names of the individuals included in the arrays, citing the need to protect the safety of the witnesses and to not jeopardize the ongoing investigation. As mentioned above, the government's justification for not disclosing the requested names is clearly without merit in light of the effect of the Superceding Indictment and the defendant's status as a detainee. Furthermore, the defendant has a compelling need to learn the identities of the individuals in the photo arrays, as this information may lead to a motion to suppress if the identifications were conducted improperly. Once the defense is provided with the requested names, it will be able to use this information to determine how and why these individuals were selected and whether their inclusion impacts the admissibility of the identifications at trial.

### II. DEFENDANT'S MOTION FOR WRITTEN AUTHORIZATIONS AND/OR LETTERS TO OBTAIN TAPED TELEPHONE CALLS OF JAIL CONVERSATIONS

As part of its disclosure of audio tape recordings involving the defendant, the government previously provided the defense with a CD ROM of calls purportedly

involving Dr. Arndt from the Nashua Street Jail, as well as draft transcripts of recorded telephone conversations involving the defendant from the Nashua Street Jail. The defense subsequently requested all written authorizations and/or letters utilized to obtain tapes of the defendant's phone calls from both the Nashua Street Jail and Plymouth County Jail. The government declined to produce the requested authorizations without providing any justification for its position.

In order to prepare a defense, the defendant must be given a copy of all written authorizations and/or letters used to obtain tapes of his recorded telephone calls from the Nashua Street Jail and the Plymouth County Jail. While it has produced transcripts and recordings of the defendant from the Nashua Street Jail, the government has not provided the defense with such material for Dr. Arndt's telephone conversations from Plymouth County Jail. The defense finds this selective nondisclosure of clearly discoverable material concerning and the basis for potential motions. Clearly, the authorizations used to record the defendant's conversations will directly impact the admissibility of the recordings at trial and may lead to a future motion to suppress if the tapes were recorded without proper authority or involved privileged communications.

### III. DEFENDANT, DAVID C. ARNDT'S MOTION FOR BILL OF PARTICULARS

Count One of the Superceding Indictment does not state the exact time and location in which the defendant became a member of the alleged conspiracy. See Sup. Ind. ¶ 1. This omitted information is critical in the preparation of Dr. Arndt's defense. In an effort to clarify this ambiguity, counsel for the defendant, through the discovery request letter, sought more specific information regarding the formation of the alleged

{K0291060.1}                                9

conspiracy. In response, the government simply referred the defense to the Indictment and added that it would produce its witness and exhibit lists seven days before trial but that it declined to produce any additional information. Based on the government's unresponsive answer and absent a bill of particulars, the defense is left to guess exactly when and where the defendant became involved in the alleged conspiracy. In light of the government's response, a bill of particulars should be provided to clarify the fundamental confusion that remains regarding the conspiracy charge.

A bill of particulars is appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Davidoff, 845 F.2d 1151, 1154 (2nd Cir. 1988) (citations and internal quotes omitted); see also United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). A defendant is entitled to a bill of particulars if he can show that charges in the indictment "are so general that they do not advise him of the specific acts of which he is accused." United States v. Savin, 2001 WL 243533, *2 (S.D.N.Y. 2001) (citations omitted); United States v. Ramirez, 602 F. Supp. 783, 793 (S.D.N.Y. 2001) (citations omitted). A court may consider "the complexity of the charges, the clarity of the indictment, and the degree of discovery otherwise available" when evaluating a defendant's demonstration of need. United States v. Santiago, 174 F. Supp. 2d 16, 34 (S.D.N.Y. 2001) (citations omitted). The underlying purpose of bills of particulars is to protect a defendant's "right to be informed of the nature of the charge against [him]." See New England Enterprises, Inc. v. United States, 400 F.2d 58, 65 (1st Cir. 1968).

The defendant is requesting critical information concerning the requisite elements of the charged conspiracy and which is essential to the defense of the Superceding Indictment. Although the government may have some obscure theory as to precisely when and where the conspiracy in Count One was formed, such theory is certainly not clear from the text of the Superceding Indictment. The exact time and place of the defendant's alleged involvement in the conspiracy are critical elements that must be provided to the defense in order to properly investigate and intelligently defend the conspiracy charge. Dr. Arndt's defense is wholly compromised if he is not informed of the government's specific allegations against him, to include the time and location of his alleged involvement in the charged conspiracy. Such information also has a direct bearing on the defendant's potential defenses, motions and the scope of the defense's investigation of that charge. Accordingly, the defendant respectfully requests this Court to order the government to identify the exact date, time, and place at which the defendant became a member of the alleged conspiracy set forth in Count One of the Superceding Indictment.

## CONCLUSION

For the above reasons, the defendant, David C. Arndt respectfully requests that his Motion to Compel Disclosure of Mandatory Discovery, Motion for Written Authorizations and/or Letters to Obtain Taped Telephone Calls of Jail Conversations, and Motion for Bill of Particulars be granted.

Respectfully submitted,

**DAVID C. ARNDT,**

By his attorneys,

_____
Stephen R. Delinsky (BBO# 119120)
Andrew R. McConville (BBO# 632804)
**Eckert, Seamans, Cherin & Mellott, LLC**
One International Place, 18th Floor
Boston, Massachusetts 02110
Telephone : 617.342.6800

Dated: October 29, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each party by mail (hand) on _____

{K0291060.1}                    12