UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-CR-10166 (RGS) |
| | ) | |
| DAVID CARL ARNDT | ) | |
| | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
FOR A BILL OF PARTICULARS, MOTION TO COMPEL DISCLOSURE, AND
MOTION FOR WRITTEN AUTHORIZATIONS AND/OR LETTER TO OBTAIN TAPED
TELEPHONE CALL OF JAIL CONVERSATIONS

The United States of America, by and through its attorneys

Michael J. Sullivan, United States Attorney for the District of

Massachusetts, and Cynthia W. Lie and John Wortmann, Jr.,

Assistant U.S. Attorneys, hereby opposes the defendant, David

Carl Arndt's, three following motions: (1) Defendant's Motion to

Compel Disclosure; (2) Defendant's Motion for Bill of

Particulars; and (3) Defendant's Motion fo Written Authorizations

and/or Letters to Obtain Taped Telephone Call of Jail

Conversations.

### DEFENDANT'S MOTION TO COMPEL DISCLOSURE SHOULD BE DENIED

### I.   PROTECTING THE SAFETY OF THE COOPERATING WITNESSES

The bulk of defendant's motion to compel seeks information

to identify the five cooperating witnesses.  Defendant posits the

specious argument that because the defendant is currently being

detained, he is a danger to no one and "certainly not in a

position to pose a threat to the government's witnesses."

(Defendant's Brief, p. 3). This belies the fact that several of the cooperating witnesses are also currently in federal custody. Defendant's contention is particularly dubious given the evidence at the detention hearing that the defendant told CW-4 that if someone ratted on him he would have no problem "disemboweling" the person with a "quick swipe of the scalpel." (Detention Order, p. 28). The government has already agreed to produce the identities of the cooperating witnesses to the defendant a reasonable time before trial. However, disclosure is premature since no trial date has been set, and since disclosure would unnecessarily place the cooperating witnesses in jeopardy at this time.

## II.  GOVERNMENT'S VOLUMINOUS DISCOVERY PRODUCTION TO DATE

Disclosure of the cooperating witnesses' identities should also be withheld at this time because of the voluminous discovery the government has already produced regarding the cooperating witnesses and the offenses charged. The government: (i) has already disclosed the cooperating witnesses' criminal records; (ii) has already disclosed the plea agreements, proffer agreements, and any benefits that the cooperating witnesses received in connection with this investigation; (iii) has already disclosed all the reports generated in this investigation by the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigations ("FBI"), and the U.S. Postal Inspectors

-2-

("Postal"), including the reports of all cooperating witness
interviews; (iv) has already disclosed all transcripts of tapes
and draft transcripts generated to date; (v) has already
disclosed all financial records, toll records, and travel records
concerning the defendant; and (vi) is prepared to disclose the
identity of the cooperating witnesses twenty-one (21) days in
advance of trial should the government choose to call any of them
as witnesses at trial.  Only the personal identifying information
of the cooperating witnesses has been redacted.  The details
regarding the offenses charged and the motivation for the
cooperating witnesses to testify have been set forth in the
discovery already produced to the defendant.  Thus, disclosure of
the identity of the cooperating witnesses should be deferred
until twenty-one days before trial.

## (A) Unindicted Co-conspirators

Revealing the names of the unindicted co-conspirators at
this time would jeopardize ongoing investigation.  The government
will also produce these names twenty-one days before trial or
when the investigation ceases, whichever is earlier.  Courts have
recognized that ongoing investigatory work provides an
independent basis for deferring disclosure of identities.  See
United States v. De Los Santos, 810 F.2d 1326, 1332 (5th Cir.
1987)(refusal of trial court to disclose identity of informant
involved in ongoing investigation upheld); United States v. Gill,

-3-

58 F.3d 1414, 1421 (9th Cir. 1995)(recognizing importance of
government interest in preserving confidentiality of ongoing
investigations).

### B AND C: The Government Has Properly Produced All Information Regarding the Cooperating Witnesses, Including Promises, Rewards and Inducements

As the defendant concedes in his Brief, the government has
already produced the "interview reports, indictments, plea
agreements, proffer agreements and criminal records of its
confidential witnesses." (Defendant's Brief, p. 6). Therefore,
it is beyond cavil, that the defendant also claims that he cannot
evaluate the cooperating witnesses "motivation to enter into
deals with the government and to testify against the defendant."
(Def. Brief, p. 5). The government properly declined identifying
the cooperating witnesses for safety reasons discussed supra.
Only the personal identifying information of the cooperating
witnesses are redacted from the discovery. All illegal
transactions and Local Rule 116.2(B)(1) material currently in the
government's possession has been disclosed and detailed for the
defendant to properly assess the cooperating witnessess'
motivation to testify against the defendant. The Court is
"obliged, in view of the strong public policy in favor of
protecting such identity, to consider all the surrounding
circumstances before it could decide whether to exercise its

-4-

discretion in favor of compelling disclosure." <u>United States v.</u> <u>Garcia</u>, 272 F.Supp. 286, 289 (S.D.N.Y. 1967).

Defendant has provided no caselaw to the contrary or any caselaw at all in support of this request for CW identities at this time. Moreover, the government has already agreed to produce the CW identities 21 days before trial. This is more than an appropriate amount of time to allow defendant to fully explore available defenses and does not offend <u>Roviaro</u>.

The First Circuit has consistently recognized the governmental privilege for protecting informant identities, as set forth by the Supreme Court in <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). "In order to protect the public interest in effective law enforcement, the government may withhold the identity of a confidential source." <u>United States v. Gomez-Genao</u>, 267 F.3d 1, 2 (1st Cir. 2001); <u>See also United States v. Robinson</u>, 144 F.3d 104, 106 (1st Cir. 1998); <u>United States v. Martinez</u>, 922 F.2d 914, 920.

> "The privilege is designed to protect the government's sources and to shield citizens who contribute their knowledge to facilitate the prosecution of criminal acts. . . . To further further the policies behind the Roviaro rationale, the trial court's analysis begins with a presumption favoring confidentiality. Thus, the defendant must carry the devoir of persuasion to show that disclosure is necessary to mounting an adequate defense. This burden is heavy. . . .

<u>Robinson</u>, 144 F.2d at 106.

The privilege, however, "though well-established, is by no means absolute." Martinez, 922 F.2d at 920.

> In the past we have held that disclosure must be forthcoming if "the government informant was the sole participant, other than the accused, in the transaction charged," or was "the only witness in a position to amplify or contradict the testimony of a government witnesses." . . . However, when the government informant is not an actual participant or a witness to the offense, disclosure is required only in those exceptional cases where the defendant can point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety. . . . Mere speculation as to the usefulness of the informant's testimony, it must be emphasized, is insufficient to justify disclosure of his or her identity, so defendants have an obligation to provide at least some explanation of how the informant's testimony would have supported their alleged defenses. . . . Moreover, our cases have also established that where the informant is a mere tipster, a conduit rather than a principal or active participant in the enterprise, disclosure is not required, even in those instances where the informant was present during the commission of the offense.

Martinez, 922 F.2d at 920-21.

Defendant has failed in his obligation to provide any explanation of how any of the cooperating witness testimony would support their defense. Moreover, several of the cooperating witnesses are mere tipsters, not having been principals or active participants in the offenses charged and defendant does not assert otherwise. Moreover, the participants in the tapes N-20 and N-21, are clearly discussing only what they heard about defendant's predicament and not any actual participation in the offenses charged.

-6-

Furthermore, defendant has been provided with the reports of all the cooperating witnesses and their statements to the government; only personal identifying information has been redacted. As stated before, the government will provide defendant of the identity of all five cooperating witnesses 21 days before trial. The government's response thus fully complies with <u>Roviaro</u> requirements and any requirements set forth by the First Circuit as described <u>supra</u>.

There is no constitutional or statutory requirement that the identities of prosecution witnesses be disclosed before trial. <u>United States v. Bello-Perez</u>, 977 F.2d 664, 670 (1st Cir. 1992); <u>United States v. Reis</u>, 788 F.2d 54, 58 (1st Cir. 1986); <u>United States v. Barrett</u>, 766 F.2d 609, 617 (1st Cir.), <u>cert</u>. <u>denied</u>, 474 U.S. 923 (1985). <u>See</u> <u>also</u> <u>United States v. Hamilton</u>, 452 F.2d 472, 479 (8th Cir. 1971) (identity of witnesses is information the government is not normally required to supply to the criminal defendant); <u>United States v. Cole</u>, 453 F.2d 902, 905 (8th Cir. 1972) (same).

In amending the Federal Rules of Criminal Procedure in 1975, Congress specifically declined to impose reciprocal discovery obligations for the names and addresses of trial witnesses. It adopted, instead, the Senate and House Conference version of the amendments, "thereby making the names and addresses of a party's witnesses nondiscoverable." H.R. Conf. Rep. No. 414, 94th Cong.,

-7-

1st Sess. 12 (1975), reprinted in 1975 U.S.C.C.A.N. 713, 716.
See also Local Rule 117.1(A)(8)(requiring disclosure of
government's witness list seven days before trial).

The government recognizes its obligation to disclose the
identity of any cooperating witness it intends to use as a
witness at trial. As with any prospective witness, however, the
government has traditionally not been required to make such
disclosures until a reasonable time prior to trial. See United
States v. Tejeda, 974 F.2d 210, 215 (1st Cir. 1992) (disclosure
of informant identity three days before trial conformed with
Roviaro); United States v. Ramos, 210 F.Supp.2d 1, 4 (D. Mass
2002) (held CW identities to be revealed at 21 days before
trial); Smith v. United States, 389 F.2d 564 (9th Cir. 1968)
(disclosure of informant identity two days before trial conformed
with Roviaro); Garcia, 272 F.Supp. at 290 (holding premature for
defendant to seek identity of informer when not at stage of
motion to suppress or trial).

Courts consistently recognize deferring this disclosure
until closer to a firm trial date in order to protect the
informant's safety. See E.g., Tejeda, 974 F.2d at 215 (in
upholding conviction in case in which the government disclosed
identity of informant three days before trial, court noted the
important interest in protecting an informant's safety);
Government of the Virgin Islands v. Martinez, 847 F.2d 125, 127

(3rd Cir. 1988)(potential danger to informant proper basis for holding government not required to reveal informant identity until jury selection).  See generally United States v. Wray, 763 F. Supp. 752, 753 (S.D.N.Y. 1991)(court took judicial notice of danger to informants in many narcotic cases).

**D.    The Names of the Speakers in the Recorded Conversations Referenced in CD-Rom N-20 and Tape N-21**

The government's declination at this time to identify the names of the speakers in these two recorded conversations does not violate L.R. 116.1(C)(1)(d)(i), as defendant so cavalierly asserts.  First, these two CD-Roms do not intercept the defendant, David Arndt.  Second, the government also does not intend to use these tapes in its case-in-chief.  Thus, L.R. 116.1(C)(1)(d)(i) does not even apply, nor could it be violated. Moreover, the participants in the tapes N-20 and N-21, are clearly discussing only what they heard about defendant's predicament and not any actual participation in the offenses charged.  Moreover, the safety reasons for one of the speakers, CW#4, discussed supra militate against disclosure at this time. For all these reasons, Roviaro, is also not disturbed.

Furthermore, the government is not required to generate a transcript of the conversations for the benefit of defendant's ease in following the conversation.  Should the government draft a transcript in the future, it will be produced to the defendant immediately.

**E.    Identities of the Individuals Depicted in the Photo Arrays Shown to CW#1 Through CW #5.**

The government has no duty to disclose the identities of the individuals depicted in the photo arrays shown to the cooperating witnesses.  Defendant fails to cite any authority whatsoever in support of this frivolous request.  The individuals depicted in the photo arrays were all randomly chosen to ensure a non-suggestive photo array.  The individuals were selected to fit a general description of the defendant and to produce a fair photo array.  The government has produced all of the photo arrays and the reports describing the identifications of defendant in these arrays by the cooperating witnesses.  If the photo arrays appear suggestive or biased, then defendant should file a motion to suppress, not engage in frivolous discovery.  The cooperating witnesses did not know the names or identities of the other individuals in the photo array when they picked out the defendant.  Therefore, defendant's request is a red herring and should summarily be denied.

**III.   DEFENDANT'S MOTION FOR A BILL OF PARTICULARS AS TO THE COUNT ONE CONSPIRACY SHOULD BE DENIED**

Count I alleges the following:

Beginning at a time unknown to the Grand Jury, but at least by in or about April 2003 and continuing thereafter to on or about August 8, 2003, at Boston, and elsewhere in the District of Massachusetts, in the Southern District of New York, and elsewhere,

**(1) DAVID CARL ARNDT,**
defendant herein, did knowingly and intentionally combine, conspire, confederate, and agreed with other

-10-

persons, known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges that the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. Accordingly, 21 U.S.C. §841(b)(1)(A)(viii) is applicable to this count.

All in violation of Title 21, United States Code, Section 846.

Superseding Indictment, Count One.

The defendant improperly requests this Court to order the government to identify "the exact date, time, and place at which the defendant became a member of te alleged conspiracy set forth in Count I of the Superceding Indictment." (Defendant's Brief, p. 11). Defendant cites absolutely no legal authority to support this request, nor could he, as the caselaw has consistently held that the defendant's use of a bill of particulars for this kind of request is not the proper function of a bill of particulars. See United States v. Remy, 658 F. Supp. 661, 669-70 (S.D.N.Y. 1987); United States v. Hemphill, 392 F.2d 45, 49 (8th Cir. 1968) (holding that the "manner in which the sale of narcotics took place concerns evidentiary matters. Acquisition of evidentiary detail is not the function of the bill of particulars."); United States v. Long, 449 F.2d 288, 294 (8th Cir. 1971)(denying motion for bill of particulars, as it "was an effort by the defendant to establish the exact times of the alleged acts described in the indictment" and that this "acquisition of evidentiary detail is

-11-

not the function of the bill of particulars."); <u>United States v.</u>
<u>Garcia</u>, 272 F.Supp. 286, 290 (S.D.N.Y. 1967) (holding "specific
act or acts of each of the defendants, allegedly constituting
their respective criminal acts" is not the function of a bill of
particulars); <u>United States v. Culoso</u>, 461 F. Supp. 128, 134 & n.
8 (S.D.N.Y. 1978); <u>United States v. Andrews</u>, 381 F.2d 377, 377-78
(2d Cir. 1967); <u>United States v. Leonelli</u>, 428 F. Supp. 880, 882
(S.D.N.Y. 1977).

     "A bill of particulars is not a discovery tool and is not
intended to allow a defendant a preview of the evidence or the
theory of the government's case."  <u>Remy</u>, 658 F. Supp. at 669-70;
See also <u>Culoso</u>, 461 F. Supp. at 134 & n. 8.  Particularly where,
as here, the government has already provided the defendant with
voluminous discovery, including all of the interview and other
reports in this investigation from DEA, FBI and Postal, as well
as lab reports, financial records, toll records, tapes,
transcripts of tapes and travel records concerning the defendant
and the conspiracy charge, such a motion is unnecessary.

     Indeed, in <u>United States v. Paiva</u>, 892 F.2d 148, 153 (1989),
the First Circuit upheld the district court's denial of a motion
for bill of particulars in a cocaine conspiracy case in which the
defendant requested "the precise dates upon which the conspiracy
began and ended, and the precise dates upon which he [i.e. the
defendant] allegedly joined and withdrew from the conspiracy."

892 F.2d at 153.  This is virtually identical to defendant

Arndt's request.  The First Circuit held that the information

provided in the indictment and in discovery was sufficient to

prevent the defendant from being unfairly surprised at trial.  <u>See</u>

<u>Id.</u> at 152-53.  This case is no different from <u>Paiva</u> and requires

the same result.  <u>See</u> <u>also</u> <u>Leonelli</u>, 428 F. Supp. at 882 (same).

Courts routinely deny motions for bills of particulars that

seek the precise date or time on which conspirators agreed to

their illegal plan.  <u>See</u>, <u>e.g.</u>, <u>United States v. Dicesare,</u> 765

F.2d 890, 897-98 (9th Cir. 1985); <u>United States v. Long</u>, 449 F.2d

288, 294-95 (8th Cir. 1971).

> [T]he view virtually universally held is that the
> defendant is not entitled to particulars regarding the
> formation of the conspiracy; that exact time and place
> of overt acts and the names of addresses of persons
> present; the details concerning how and when the
> conspiracy was formed or when each participant entered
> the conspiracy.

<u>United States v. Upton</u>, 856 F.Supp. 727, 753 (E.D.N.Y. 1994),

indictment dismissed on other grounds.

As clearly set forth by the First Circuit:

> Motions for bills of particulars are seldom employed in
> modern federal practice.  When pursued, they need be
> granted only if the accused, in the absence of a more
> detailed specification, will be disabled from preparing
> a defense, caught by unfair surprise at trial, or
> hampered in seeking the shelter of the Double Jeopardy
> Clause.

United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993) (citing United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992).

A request for a bill of particulars rests within the sound discretion of the trial court.  Paiva, 892 F.2d at 154; United States v. Arboleda, 929 F.2d 858, 869 (1st Cir. 1991).  A bill of particulars should be granted only when the indictment is so vague that it does not comply with these purposes.  United States v. Bloom, 78 F.R.D. 591, 599 (E.D. Pa. 1977); see United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985) (bill required only when indictment so general that it fails to advise defendant of the specific acts charged).  The defendant has been more than sufficiently appraised of the conspiracy charge, which is not a complex charge, particularly when he has been provided with all the reports and supporting documentation concerning this charge.

Therfore, the government respectfully requests that defendant's Motion for Defendant's Motion for Bill of Particulars be denied.

## IV.  THE AUTHORIZATIONS AND/OR LETTERS UTILIZED TO OBTAIN THE TAPED TELEPHONE CALLS OF DEFENDANT'S JAIL CALLS ARE NOT DISCOVERABLE UNDER FRCP 6(E).

The authorizations and/or letters utilized to obtain the Nashua Street Jail telephone conversations of defendant were grand jury subpoenas and are not discoverable under the secrecy mandate of Federal Rule of Criminal Procedure 6(e)(2).  The

-14-

defendant has failed to set forth any authority in support of his request or to override the FRCP 6(e) requirements. The government has already provided the defendant with CD ROMs containing all of the calls intercepting the defendant at the Nashua Street Jail that the government obtained during this investigation, as well as all the draft transcripts of these conversations generated to date. The defense does not dispute this fact.

The government has not requested nor obtained any recorded telephone conversations of the defendant at the Plymouth facility during this investigation. Thus, this Motion for Written Authorizations And/or Letters to Obtain Taped Telephone of Jail Conversations, should be denied.

## CONCLUSION

For these and other reason the Court may deem appropriate, the government respectfully requests that the following motions: (1) Defendant's Motion to Compel Disclosure; (2) Defendant's Motion for Bill of Particulars; and (3) Defendant's Motion for

-15-

Written Authorizations and/or Letters to Obtain Taped Telephone
Call of Jail Conversations, be denied.

Respectfully submitted,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:

CYNTHIA W. LIE
JOHN WORTMANN, JR.
Assistant U.S. Attorneys
United States Courthouse
One Courthouse Way
Boston, MA
(617) 748-3183

Dated: November 10, 2004

I hereby certify that a true copy of the
above document was served upon (each
party appearing pro se and) the attorney of
record for each other party by mail  n
11/11/04                         i—> 4 fax

Assistant U.S. Attorney

-16-