

FILED IN
OPEN COURT
6-29-05

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

June 20, 2005

Stephen Delinsky
Eckert Seamans
1 International Place
Boston, MA 02110
VIA FACSIMILE (617) 342-6899

    Re: <u>United States v. David Carl Arndt - Criminal No. 04-CR-10166 (RGS)</u>

Dear Mr. Delinsky:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1. <u>Change of Plea</u>

    At the earliest practicable date, or on such date as is set by the Court, Defendant will plead guilty to the following counts of the Superseding Indictment:

**COUNT ONE:** (21 U.S.C. § 846 - Conspiracy To Distribute And To Possess With Intent To Distribute Methamphetamine)

**COUNT TWO:** (21 U.S.C. § 841(a)(1) - Possession of Methamphetamine with Intent to Distribute; 18 U.S.C. § 2 - Aiding and Abetting);

**COUNT THREE:** (21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 18 U.S.C. § 2 - Aiding and Abetting)

**COUNT FOUR:** (21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 18 U.S.C. § 2 - Aiding and Abetting)

| | |
|---|---|
| COUNT FIVE: | (21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 18 U.S.C. § 2 - Aiding and Abetting) |
| COUNT SIX: | (21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 18 U.S.C. § 2 - Aiding and Abetting) |
| COUNT SEVEN: | (21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 18 U.S.C. § 2 - Aiding and Abetting) |
| COUNT EIGHT: | (21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 18 U.S.C. § 2 - Aiding and Abetting) |
| COUNT NINE: | (21 U.S.C. § 841(a)(1) - Distribution of Oxycodone; 18 U.S.C. § 2 - Aiding and Abetting) |

Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One through Nine of the Superseding Indictment, and is in fact guilty of these offenses.

2.  Penalties

As to Counts One and Two, Defendant faces a statutory mandatory minimum term of ten years' imprisonment and a maximum statutory term of imprisonment of life, a fine of up to $4,000,000.00, a mandatory minimum 5 years of supervised release and a maximum of life, and a $100.00 special assessment as to each Count.

As to Counts Three through Nine, Defendant faces a maximum statutory term of twenty years' imprisonment, a fine of up to $1,000,000.00, a mandatory 3 years of supervised release and a maximum of life, and a $100.00 special assessment as to each Count.

3.  Sentencing Guidelines

The parties agree that the 2002 Federal Sentencing Guidelines apply, subject to United States v. Booker and United States v. Fanfan, ___ U.S. ___, 2005 WL 50108 (January 12, 2005).

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the

provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, ___ U.S. ___ , 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) As to Count One, the parties agree to take the position that Defendant has a base offense level of 34, pursuant to U.S.S.G. §§ 2D1.1(c)(3).

(b) As to Count Two, the parties agree to take the position that Defendant has a base offense level of 36, pursuant to U.S.S.G. §§ 2D1.1(c)(2), based upon Defendant possessing with intent to distribute 895 grams of d-methamphetamine hydrochloride of over an 80% purity, such that it is considered "ice".

(c) As to Counts Three and Four, the parties agree to take the position that Defendant has a base offense level of 6, based upon Defendant distributing and aiding and abetting the distribution of oxycodone HCL 5mg 60 tablets.

(d) As to Counts Five through Seven, the parties agree to take the position that Defendant has a base offense level of 10, based upon Defendant distributing and aiding and abetting the distribution of 80 mg 60 tablets oxycontin.

(e) As to Count Eight, the parties agree to take the position that Defendant has a base offense level of 10, based upon Defendant distributing and aiding and abetting the distribution of 40 mg 118 tablets oxycontin.

(f) As to Count Nine, the parties agree to take the position that Defendant has a base offense level of 10, based upon Defendant distributing and aiding and abetting the distribution of 40 mg 120 tablets oxycontin.

(g) The parties agree to take the position that Defendant

        has a total base offense level of 36.

(h)   <u>Safety valve</u> - The U.S. Attorney will recommend applying § 5C1.2 of the Sentencing Guidelines and 18 U.S.C. § 3553(f) if the U.S. Probation Office finds that Defendant meets the requirements of §5C1.2(a)(1)-(4), and the U.S. Attorney finds that Defendant has personally satisfied §5C1.2(a)(5). Based upon the information available to the government as of the execution of the plea agreement, the U.S. Attorney finds that Defendant has satisfied § 5C1.2(a)(1)-(a)(5). This finding is subject to change should the U.S. Attorney learn of additional information between the time of execution of the plea agreement and sentencing that contradicts this finding.

(i)   The Defendant reserves the right to argue for all downward departures allowed by the United States Sentencing Guidelines and also to argue for all additional grounds for downward adjustments pursuant to 18 U.S.C. § 3553(a). Based upon the information known to the U.S. Attorney at this time, the U.S. Attorney will oppose any downward departure other than those explicitly agreed to in this agreement and will oppose any downward adjustment pursuant to 18 United States Code § 3553(a).

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

<u>Acceptance of Responsibility</u> - Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)   Fails to admit a complete factual basis for the plea;

    (b)   Fails to truthfully admit his conduct in the offenses of conviction;

    (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)   Fails to provide truthful information about his financial status;

    (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)   Intentionally fails to appear in Court or violates any condition of release;

    (h)   Commits a crime;

    (i)   Transfers any asset protected under any provision of this Agreement; and/or

    (j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

    4.   <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)   A sentence of imprisonment within the applicable Guideline Sentencing Range as determined by the Court;

    (b)   A fine within the applicable fine range under the Sentencing Guidelines, unless the Court finds, pursuant to USSG § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)   A term of supervised release of 5 years, with the special condition the Defendant does not possess a firearm or dangerous weapon;

    (d)   A mandatory special assessment of $900.00.

Defendant agrees that he will provide to the U.S. Attorney any expert reports on which he intends to rely at sentencing not later than sixty days before sentencing. If the government wishes its expert to examine Defendant after it is provided with the report, Defendant reserves the right to file motions for a court order to have his legal representatives attend the examination. Defendant reserves the right to file motions for a court order to have no statement made by him in the course of any mental examination conducted for sentencing and no testimony by any expert based upon his statements, and no other fruits of these statements, admitted into evidence against Defendant in any criminal proceeding, except at his sentencing on the issue of his mental condition in relation to evidence in support of a Motion for a Downward Departure based upon his diminished capacity. The government will provide Defendant with its expert report of examination of the defendant, no later than two weeks prior to sentencing. Defendant agrees that he will provide to the U.S. Attorney motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing no later than fourteen days before sentencing.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

    5.   <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.  **Court Not Bound By Agreement**

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.  **Information For Presentence Report**

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9.  **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. **Rejection of Plea By Court**

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. **Breach of Agreement**

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated December 20, 2004, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated December 20, 2004.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated December 20, 2004.  This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Cynthia W. Lie.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
Laura J. Kaplan, Chief
Violent & Organized Crime
Section

Cynthia W. Lie
Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

David Carl Arndt
Defendant

Date: _____

I certify that Defendant's ~~Name~~ David C. Arndt has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Stephen Delinsky, Esq.
Attorney for Defendant

Date: _____

10