UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

        V.                    CRIMINAL NO. 04-10166-01-RGS

DAVID CARL ARNDT*

PROCEDURAL ORDER RE:  SENTENCING HEARING

STEARNS, DJ.

A PLEA OF GUILTY  HAVING BEEN RENDERED ON JUNE 29, 2005 , UNDER THE SENTENCING REFORM ACT OF 1984 IT IS HEREBY ORDERED:

PRESENTENCE INVESTIGATION

The United States Probation Office shall commence immediately the presentence investigation unless as provided in F.R.Cr.P. 32(c) the Court finds under Rule 32(b)(1)(A) and (B) that the information in the record enables it to exercise its sentencing authority meaningfully under 18 USC 3553 and the Court explains this finding on the record.  The Probation Office shall prepare presentence investigation reports in the order in which the requests from the Court are received.

STATEMENT OF RELEVANT FACTS

Not later than fourteen (14)  days AFTER the plea or verdict, the Assistant United States Attorney shall provide the Probation Office a "STATEMENT OF RELEVANT FACTS" and any other documents pertinent under F.R.Cr.P. 32(b)(4) and shall simultaneously serve on counsel for the defendant a copy of everything provided to the Probation Office.

INTERVIEW OF THE DEFENDANT

The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a Probation Officer during the presentence investigation.  If the case is resolved by a plea and the Probation Office has timely notification of the plea, it shall hold an interview with the defendant on the day of the plea.  If an interview cannot be held on the day of the plea, the Probation Office shall schedule an interview to be held within seven (7) days after the plea or within such additional time as the Court may order.  If the case is resolved by a verdict, the Probation Office shall schedule an interview to be held within seven (7) days after the verdict or within such additional time as the Court may order.  If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the Courthouse for an interview at the earliest feasible time.

PRE-TRIAL SERVICES RESPONSIBILITY

Pre-Trial Services shall provide to the Probation Office all documents in the

possession of Pre-Trial Services that may be relevant to the presentence investigation, including a copy of the Pre-Trial Report, the defendant's state, local, and national criminal record, police reports, copies of convictions, drug test results, reports of incidents, and other reports and supporting documents.

## DATE OF SENTENCING

Sentencing in the above action is scheduled for OCTOBER 20, 2005 at 2:30 P.M. in Courtroom # 21.  This date is NOT to be sooner than twelve (12) weeks AFTER the plea or verdict, in order to permit the following:  (A).  The Probation Office shall have five (5) weeks after the plea or verdict for the preparation and disclosure of the initial report; (B).  The Probation Office shall disclose the initial report to defense counsel and government counsel no less than five (5) weeks before the sentencing date, unless the defendant EXPRESSLY waives the minimum five-week presentencing notification period; (C).  The date when disclosure has been effected to each attorney is the date of the mailing of a copy of the report to that attorney.  An attorney may, in lieu of receiving disclosure by mail, make arrangements with the Probation Office to pick up the report NO LATER THAN 3:00 P.M. ON THE DATE DISCLOSURE IS DUE.  It is the responsibility of the defense attorney to disclose the presentence report to the defendant, to discuss the report with the defendant and explain it to him or her.

## OBJECTIONS PROCEDURE

Within fourteen (14) days _after_ disclosure of the report, attorneys for the government and the defendant shall advise the Probation Officer, and each other, IN WRITING, of any objections they may have as to any material information, sentencing classifications , sentencing guideline ranges, or policy statements contained in, or omitted from, the report.  The Probation Officer shall conduct any further investigation and make any revisions to the presentence report that may be necessary.  The Probation Officer may require counsel for both parties to confer with the Probation Officer to identify and attempt to resolve any factual or legal disputes which may require a hearing by the Court.

## FINAL PRESENTENCE REPORT

Not later than seven (7) days BEFORE THE DATE OF SENTENCING, the Probation Officer shall submit to the Court, and disclose to the attorneys, the "FINAL PRESENTENCE REPORT",
including any addendum, setting forth the unresolved objections, the grounds for these objections, and the Probation Officer's comments on the objections.  The Probation Officer shall certify that the contents of the report, including any revisions, and the addendum, have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections.  Except with regard to any unresolved objections, the report of the presentence investigation may be accepted by the Court as accurate.  The Court, however, for good cause shown, may allow a new objection to the presentence report to be raised at any time before the imposition of sentence.

## HEARING

The Court is to hold a sentencing hearing to resolve any disputed issues:  (A).  In resolving any disputed issues, the Court may consider any reliable information presented by the Probation Officer, the defendant, or the government;

(B).  No less than five (5) days before the sentencing hearing, counsel are to advise the Courtroom Clerk if counsel for either party contends than an evidentiary hearing is necessary, and shall advise the Courtroom Clerk of the amount of time counsel expects would be required for such a hearing; (C).  If either counsel wishes to submit a memorandum supporting any recommendations as to a sentence within the guideline range, or a departure from the guideline range, including proposed findings of fact and conclusions, he or she MUST DO SO NOT LESS THAN 3 DAYS <u>BEFORE</u> THE SENTENCING HEARING <u>AND NOT THE DAY OF THE HEARING</u>.  This schedule may be modified by the court, but only for good cause shown.

DISCLOSURE OF THE PRESENTENCE REPORT IS MADE UNDER THE PROVISIONS OF RULE 32, F.R.Cr.P., EXCEPT THAT THE PROBATION OFFICE SHALL <u>NOT</u> DISCLOSE ANY RECOMMENDATION IT HAS MADE TO THE COURT AS TO SENTENCE.  ANY SUCH RECOMMENDATION MADE TO THE COURT BY THE PROBATION OFFICE MUST NOT CONTAIN FACTUAL INFORMATION NOT ALREADY DISCLOSED TO BOTH COUNSEL AND TO THE DEFENDANT.

SO ORDERED.

                                                     RICHARD G. STEARNS
                                                     UNITED STATES DISTRICT JUDGE

BY:

                                                       /s/ Mary H.  Johnson
                                                         Deputy Clerk

DATED: 6-29-05

*Defendant  is  in  Federal custody.