UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | 04-CR-10166(RGS) |
| | ) | |
| (1) DAVID CARL ARNDT | ) | |

**GOVERNMENT'S MEMORANDUM REGARDING INAPPLICABILITY OF SAFETY VALVE**

Arndt argues that this Court has the power to find that
Arndt's Criminal History Category (CHC) was overstated.  He
concludes that the Court therefore had the power to find that
Arndt was safety valve eligible.  Arndt's argument fails because
safety valve eligibility does not depend on criminal history
category but rather on criminal history points.  Since no court
has the power to alter the number of criminal history points,
regardless of how it views the Defendant's category, Arndt's
argument fails as a matter of law.  Additionally, the government
respectfully submits that Arndt's argument fails as a factual
matter because his criminal history category is richly deserved.

> **I.   Safety Valve Eligibility Is Determined By Criminal
> History POINTS.**

Arndt's conduct falls within 21 U.S.C. § 841(b)(1)(A)(viii),
which mandates a "term of imprisonment which may not be less than
10 years or more than life . . . ."  The only relief from this
statutory imperative is found in 18 U.S.C. § 3553.  That statute
provides authority to impose a sentence below the statutory
minimum in two circumstances.  Under 18 U.S.C. § 3553(e),

Congress delegated the Court the authority to reduce a sentence upon motion of the government in order to reflect a defendant's assistance in the prosecution or investigation of another.  Under 18 U.S.C. § 3553(f), the Court is empowered to sentence below the statutory minimum if the Court finds that "(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines" and four other factors also apply.

Criminal history points are calculated in Chapter Four of the sentencing guidelines.  There is no dispute in this case that Arndt has three criminal history points: one point for the probationary sentence from the Louisiana immigration offense, pursuant to U.S.S.G. § 4A1.1(c), and two points for committing the instant offense while under the sentence of probation, pursuant to U.S.S.G. § 4A1.1(d).  See PSR at ¶ 62.  The analysis begins and ends there.  A person with more than 1 criminal history point "as determined under the sentencing guidelines" is ineligible for the safety valve of 18 U.S.C. § 3553(f).  Because Arndt has more than 1 criminal history point, he is not safety valve eligible as a matter of simple statutory construction.

Arndt argues that under a later section of the Guidelines, § 4A1.3, the Court has the power to find that Arndt's CHC – his criminal history Category – is overstated and that the Court may depart horizontally on the Guidelines grid to a lower criminal history category.  The government acknowledges that the Court has the power to do so (although in the instant case the

2

government respectfully submits that the facts do not warrant

such an adjustment).  Regardless, however, a departure as to the

criminal history <u>category</u> does not alter the number of criminal

history <u>points</u> "as determined by the sentencing guidelines."  18

U.S.C. § 3553(f)(1).  Therefore, such a departure does not

provide the Court the power to sentence under the minimum

sentence set forth by statute.

Numerous courts applying the Guidelines as set forth in 2002

and before have analyzed these provisions and come to the same

conclusion.  In <u>United States v. Stevens</u>, 300 F. Supp. 2d 203,

205 (D. Maine 2004), Judge Woodcock analyzed the caselaw of the

eight federal circuit courts of appeal that have addressed the

"narrow question of whether in making the criminal history

determination 'under the sentencing guidelines,' the Court has

the authority to recalculate a defendant's criminal history

points to make him eligible for safety valve treatment."  <u>Id</u>. at

204.  He concluded that "each one has arrived at the same result:

the sentencing court does not have the authority."  <u>Id</u>. citing

<u>United States v. Boddie</u>, 318 F.3d 491, 494-96 (3d Cir. 2003);

<u>United States v. Penn</u>, 282 F.3d 879, 882 (6th Cir. 2002); <u>United

States v. Webb</u>, 218 F.3d 877, 881 (8th Cir. 2000); <u>United States

v. Owensby</u>, 188 F.3d 1244, 1246 (10th Cir. 1999); <u>United States

v. Robinson</u>, 158 F.3d 1291 (D.C. Cir. 1998)[1]; <u>United States v.</u>

---

[1]<u>Robinson</u> presents a set of circumstances strikingly similar
to the defendant's argument in the instant case.  After an
initial determination that the defendant was safety valve

Orozco, 121 F.3d 628, 630 (11th Cir. 1997); United States v.

Resto, 74 F.3d 22, 28 (2d Cir. 1996); United States v. Valencia-

Andrade, 72 F.3d 770, 774 (9th Cir. 1995).  See also United

States v. Langmade, 236 F.3d 931, 932 (8th Cir. 2001) ("district

court's reduction of criminal history category under § 4A1.3 does

not delete criminal history points for purposes of the safety

valve).

As Judge Woodcock succinctly stated, while this issue has

not been decided by the United States Court of Appeals for the

First Circuit, "faced with a striking demonstration of circuit

unanimity, this Court cannot accept the defendant's argument that

the First Circuit would carve its own decisional path."

The government respectfully submits that Judge Woodcock and

the eight circuit courts of appeal that have reviewed this issue

have correctly concluded that while a court has the power to

depart from a defendant's criminal history category, such

departure has no effect on the defendant's criminal history

---

eligible, the Probation department recognized that Robinson was
still on probation when the offense occurred, and assigned the
defendant the requisite two additional points under § 4A1.1(d).
The Court determined that the criminal history category was
overstated, and having reassigned the defendant to CHC I, the
Court concluded that he must therefore have 0-1 criminal history
points and was therefore safety valve eligible.  The D.C. Circuit
rejected this argument.  The Court held that "the plain language
of the statute and relevant guideline clearly provide that a
court may not sentence a defendant under the "safety valve"
provision when that defendant has more than 1 criminal history
point as calculated under U.S.S.G. § 4A1.1 – regardless of
whatever downward departuer a court might grant under U.S.S.G.
§ 4A1.3."  Robinson, 158 F.3d at 1294.

points and such departure cannot render a defendant who has more than 1 criminal history point as calculated under § 4A1.1 safety valve eligible.

## II.  Defendant's Criminal History Category is Appropriate.

Defendant Arndt claims that his criminal history is over-stated.  As argued in the Government's sentencing memorandum dated December 18, 2006, the government submits that as a factual matter, Arndt's criminal history category understates his true criminal background.  The government stands on its prior argument, incorporated herein by reference.  The government supplements that argument only to note that the factual background for the government's argument was fully adopted by Defendant's expert.  The expert had stated in his report that the fraudulent application that Arndt submitted on behalf of his "new partner" was the "first time he is alleged to have committed a criminal act."  At the sentencing hearing, the expert acknowledged that in fact Arndt had committed immigration fraud previously, by entering into a sham marriage in order to obtain citizenship for a homosexual woman; that he had purchased illegal drugs on numerous occasions (prior to the date on which the expert asserts that Arndt ceased to be responsible for his drug-related conduct); and that he had paid a victim not to proceed with charges of assault and battery.

The government submits that Arndt's criminal history category, as a factual matter, is richly deserved, and indeed

5

understates his actual prior criminal activities and prior

failure to conform his conduct to the law.

### Conclusion

This Court has no power to alter the number of criminal

history points "as determined by the sentencing guidelines"

assigned to defendant Arndt.  Therefore, even if the Court were

to determine that Arndt's criminal history category were

overstated, such a determination would not render Arndt safety

valve eligible.


                              Respectfully submitted,
                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY


                    By:   /s/ Nancy Rue
                          NANCY RUE
                          Assistant U.S. Attorney
                          United States Courthouse
                          One Courthouse Way
                          Boston, MA
                          (617) 748-3260

Dated: February 5, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF).

                              /s/ Nancy Rue
                              Nancy Rue
                              Assistant United States Attorney

Dated: February 5, 2007