UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10166- RGS

UNITED STATES OF AMERICA

v.

DAVID C. ARNDT

MEMORANDUM AND ORDER ON IMPOSITION
OF FINAL SENTENCE

February 12, 2007

STEARNS, D.J.

At the conclusion of defendant David Arndt's December 19, 2006 sentencing hearing, the court imposed the minimum ten-year sentence mandated by 21 U.S.C. § 841(b)(1)(A)(viii). The court, however, suspended execution of the sentence to permit the parties to brief the issue of whether under United States v. Booker, 543 U.S. 220 (2005), the court had discretion to find the defendant "safety valve" eligible under 18 U.S.C. § 3533, despite the fact that his criminal history point score totaled three.[1]  I come, not without some reluctance, to the conclusion that the court lacks such authority.[2]

---

[1] There are five safety-valve criteria. It is undisputed that Arndt meets the first four criteria. However, under 18 U.S.C. § 3553(f), a defendant is not eligible for safety valve consideration if his criminal history score exceeds one criminal history point. Arndt scored three points, one for a prior immigration-related offense, and two additional points as the instant offense was committed while Arndt was on probation as a result of the prior offense. At the time Arndt entered the plea agreement with the government, the parties anticipated that he would be safety valve eligible and that a sentence below the mandatory ten-year minimum would be appropriate. It was only after the Presentence Report was prepared did it become apparent that Arndt did not qualify for the safety valve. The court offered Arndt the opportunity to withdraw his guilty plea, but he declined to do so.

[2] The court does not minimize the seriousness of Arndt's offense. However, both the original plea agreement reached between Arndt and the government and the court at the

Defendant, in his memorandum, relies on guidelines jurisprudence permitting a court to find that a defendant's Criminal History Category has been overstated either because of the nature of the scorable offenses or specific attributes of the defendant warranting a downward departure.  See e.g. United States v. Person, 377 F. Supp. 2d 308, 310 (D. Mass. 2005) (diminished capacity).  As the government points out in response, the defendant's argument confuses the court's authority to depart horizontally on the sentencing grid to a lower criminal history category – a power that it possesses – with the authority to reduce the total number of criminal history points – a power which it does not.[3]

In United States v. Stevens, 300 F. Supp. 2d 203, 205 (D. Maine 2004), Judge Woodcock points out that every Circuit Court of Appeals that has considered the subject has so concluded.  See United States v. Boddie, 318 F.3d 491, 494-496 (3d Cir. 2003); United States v. Penn, 282 F.3d 879, 882 (6th Cir. 2002); United States v. Webb, 218 F.3d 877, 881 (8th Cir. 2000); United States v. Owensby, 188 F.3d 1244, 1246 (10th Cir. 1999); United States v. Robinson, 158 F.3d 1291, 1294 (D.C. Cir. 1998); United States v. Orozco, 121 F.3d 628, 630 (11th Cir. 1997); United States v. Resto, 74 F.3d 22, 28 (2d Cir. 1996); United States v. Valencia-Andrade, 72 F.3d 770, 774 (9th Cir. 1995).

In the face of this consistent and overwhelming line of cases, the court has no option but to order that the stay of execution of Arndt's sentence be dissolved and that the judgment as dictated at the December 19, 2006 hearing be entered.  The Clerk will advise

---

time the plea was taken contemplated a lesser sentence than ten years.

[3] See United States v. Langmade, 236 F.3d 931, 932 (8th Cir. 2001) (per curiam) (a reduction of a defendant's Criminal History Category under U.S.S.G. § 4A1.3 does not delete criminal history points for purposes of the safety valve).

defendant of his right of appeal in writing within the body of the judgment.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE